IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marquis Breeland, ) | C/A No. 0:16-3048-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Karen Henderson, *Lieutenant*; Laster Baker, ) | |
| *Sergeant*; Johnny Evry, *Corporal*; Eric Gaston, ) | |
| *Sergeant*; Anthony Tapp, *Officer*; Richard ) | |
| Anderson, *Officer*; Danel Glen, *Sergeant*; ) | |
| Micheal Blakewell, *Sergeant*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Marquis Breeland, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.    Procedural Background**

Plaintiff alleges he blocked his "food flap" in his cell door, and as a result, the defendants forcefully entered his cell, sprayed chemical munitions, and beat him as they cuffed and shackled him. (ECF No. 1 at 7-9.) He also claims he was refused medical care for thirteen hours after the incident. (Id. at 9-10.) Further, he claims he has a left knee bruise as a result of the incident and he seeks $185,000 in compensatory damages and $350,000 in punitive damages. (Id. a 11-12.)

Plaintiff indicates he filed a grievance with the South Carolina Department of Corrections ("SCDC"), and SCDC officials found that the use of force was necessary by the defendants because Plaintiff refused a direct order. (Id. at 15.) Importantly, Plaintiff also indicates he has not completed



the grievance process yet because he appealed the denial of his grievance to the South Carolina Administrative Law Court, and the appeal is currently pending.  (Id.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

As an initial matter, the court finds this action was filed prematurely because Plaintiff's Complaint shows that he has not yet exhausted his available administrative remedies for this § 1983 claim. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect



to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) ("The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement."). The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, Jones v. Bock, 549 U.S. 199 (2007), if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. See Corey v. Daniels, No. 15-6707, 2015 WL 5812918, at *1 (4th Cir. Oct. 6, 2015) ("A district court is permitted to address the issue of exhaustion sua sponte, however, and may dismiss the complaint without input from the defendant, if the 'failure to exhaust is apparent from the face of the complaint,' and the inmate is provided an opportunity to respond on the exhaustion issue.") (quoting Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005)); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006).

South Carolina law provides that, the Administrative Law Court has subject matter jurisdiction under the Administrative Procedures Act ("APA") to hear properly perfected appeals from the SCDC's final orders in administrative or non-collateral matters. See Howard v. S.C. Dep't of Corrs., 733 S.E.2d 211, 215 (S.C. 2012). Moreover, because Plaintiff has alleged an as-applied constitutional violation rather than a facial challenge to a state statute or regulation, he must exhaust



his administrative remedies by appealing SCDC's decision to the Administrative Law Court.[2]  See Travelscape, LLC v. S.C. Dep't of Revenue, 705 S.E.2d 28, 38-39 (S.C. 2011) (holding that the South Carolina Administrative Law Court is empowered to hear as-applied challenges to statutes and regulations, but is without power to entertain a facial challenge to the validity of a statute or regulation).  Pursuant to the South Carolina Administrative Procedures Act and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and ultimately, the South Carolina Supreme Court.  See S.C. Code Ann. § 1-23-610; Rule 242, SCACR.

The court finds Plaintiff has not yet exhausted his administrative remedies in this case because, as noted above, Plaintiff's appeal of his grievance is currently pending in the Administrative Law Court.  Therefore, it is apparent on the face of Plaintiff's Complaint that it was filed prematurely, see Anderson, 407 F.3d at 682.  Accordingly, Plaintiff's Complaint should be dismissed because he has not yet exhausted his administrative remedies. See Morales v. Honeycutt, No. 1:05CV370, 2006 WL 2505213, at *1 (W.D.N.C. Aug. 28, 2006) ("Exhaustion of administrative remedies during the pendency of a federal case is insufficient to satisfy § 1997(e)'s exhaustion requirement.") (collecting cases).

---

[2] The Administrative Law Court is an executive branch court, not a judicial tribunal. See S.C. Code Ann. § 1-23-500 (stating that the Administrative Law Court "is an agency and a court of record within the executive branch of the government of this State").  Accordingly, appeal to the Administrative Law Court is an available administrative remedy to state prisoners advancing claims such as the one Plaintiff raises here.



**III.     Conclusion**

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

_____

October 3, 2016                                         Paige J. Gossett
Columbia, South Carolina                       UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).